[Civ. No. 8879. Second Appellate District, Division One.—May 14, 1935.]

H. C. WILSON, as Administrator, etc., Appellant, v. ATCHISON, TOPEKA & SANTA FE RAILWAY COMPANY (a Corporation), Respondent.

James E. Martin for Appellant.

Robert Brennan, Leo E. Sievert and H. K. Lockwood for Respondent.

YORK, J.—This is an appeal taken from a judgment of nonsuit made at the close of plaintiff's case, in an action brought against defendant corporation for the death of Leo C. Wilson, who was killed when acting as a brakeman for the defendant. The question involved in this appeal is stated by appellant as follows: ''The question involved on this appeal is whether or not, under the law and all the evidence offered and introduced in the case, the court erred in granting the defendant's motion for a nonsuit at the close of plaintiff's case.'' Thereafter, in his brief he sets forth his argument under three points.

''Point 1. That the court erred in refusing to receive in evidence the testimony of the witness Joe Button as to the duty of the head brakeman on freight trains of defendant company when stopping at Pica Station to take water.''

We see no error in this ruling by the court, because it clearly appears from the record that what the appellant was attempting to elicit from the witness Button was merely the content of a written or printed rule, as shown by the question asked by the court: ''Mr. Button, are those rules in writing, are they written or printed? A. Yes, sir.'' It appears, therefore, that secondary evidence was attempted to be introduced on the point involved, rather than the best evidence, which was readily obtainable.

Under ''point two'' appellant objects to the sustaining of the objection of defendant to plaintiff's offer and attempt to introduce into evidence the book of rules of defendant and particularly rules 16 (c) and 84 (a) of said book of rules. While it is possible that the particular rules referred to were applicable to the situation presented to the trial court, since the attorneys representing plaintiff failed to make any record with reference to what point or points relating to plaintiff's case were covered by these rules, and since the rules are not before the court on this appeal, there is no way by which

we may determine that the assumed error of the trial court in rejecting the rules constituted prejudicial error.

■ "Point three" is apparently the main point relied upon by appellant, since it is the only point mentioned by him in his statement of question involved. It is stated as follows: "Under the law and all the evidence introduced in the case the court erred in granting the defendant's motion for a nonsuit at the close of plaintiff's case."

The grounds upon which defendant's motion was made include the following:

"That plaintiff has failed to prove any negligence on the part of the defendants as alleged in his complaint, proximately causing or contributing to the death of the plaintiff decedent;

"That plaintiff has failed to make any case whatsoever for the jury as to any negligence alleged in the complaint on the part of this defendant."

It is apparent from the portions of the record which are set forth in the brief that the evidence gives no explanation as to how the deceased came to his death. Without being able to consider on this appeal what was contained in the rejected rules or what were the duties of the engineer, the fireman or other trainmen who made up the crew of the train on which deceased was employed, it is impossible for us to determine whether, under the circumstances shown by the evidence in the record before us, the defendant was guilty of negligence.

The judgment is affirmed.

Conrey, P. J., and Houser, J., concurred.

A petition for a rehearing of this cause was denied by the District Court of Appeal on June 11, 1935, and an application by appellant to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on July 11, 1935.